**Frederick LYLES, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 5306.**

District of Columbia Court of Appeals.

Argued Oct. 20, 1970.

Decided Dec. 22, 1970.

Harvey Black, Washington, D. C., appointed by this court, for appellant.

Roger M. Adelman, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry and Percy H. Russell, Jr., Asst. U. S. Attys., were on the brief, for appellee.

Before FICKLING, GALLAGHER and NEBEKER, Associate Judges.

PER CURIAM:

This appeal seeks the reversal of a conviction for possession of heroin in violation of D.C.Code 1967, § 33–402.

The appellant, while driving a car, was recognized by a police officer who knew him to be a narcotics violator. This alerted the officer since he knew appellant did not possess a valid motor vehicle operator's permit. After following the vehicle for several blocks, the officer waved the appellant to the curb and asked to see his driver's license. Appellant admitted that he was unlicensed and was arrested. An immediate search of his person incidental to the arrest revealed a quantity of heroin as well as a number of empty capsules. At trial appellant testified that at the time of his arrest he was a user of narcotics and

that the heroin recovered from his person was intended for his own personal use. He also stated that subsequent to his arrest he began participation in a methadone treatment program and no longer used drugs.

We would note at the outset that unlike United States v. Robinson, U.S.App.D.C. (No. 23,734, decided December 3, 1970), where a pre-trial motion to suppress was made and heard, appellant's pre-trial motion to suppress this evidence was withdrawn. The record before us does not indicate that the motion was later taken up again, nor does it indicate any arguments challenging the legality of a search incidental to the arrest of a traffic violator. The only complaint was an objection, made at the close of the Government's case, asserting illegality of the arrest.

■ Appellant's contention that his arrest was a "sham" and that consequently the heroin seized during a search incidental to that arrest should have been suppressed is so lacking in merit that it does not call for discussion. Worthy v. United States, 133 U.S.App.D.C. 188, 409 F.2d 1105 (1968); Hutcherson v. United States, 120 U.S.App.D.C. 274, 345 F.2d 964 cert. denied, 382 U.S. 894, 86 S.Ct. 188, 15 L. Ed.2d 151 (1965).

■ Appellant's only other contention is that he is a narcotics addict, therefore, punishing him for possession of narcotics would be cruel and unusual punishment in violation of the eighth amendment. He argues that Robinson v. California, 370 U. S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), and Watson v. United States, U.S.App.D.C. (No. 21,186, decided July 15, 1970) (en banc), require such a conclusion.

As Judge McGowan pointed out in *Watson,* however, courts should not decide serious issues involving constitutional considerations on the basis of an inadequate record. We have before us a record that is at least as inadequate as the one before the Circuit Court of Appeals in *Watson.* In that case the appellant's addiction was admitted and undisputed. The record here shows no such admission of addiction. Rather, appellant admits only that at the time of his arrest he used narcotics and that he is now participating in a methadone treatment program. It is not argued that use of heroin automatically results in addiction. We would also note that prior narcotics convictions are not proof of addiction.

On the basis of this record, appellant has no standing to claim that the statute is unconstitutional as applied to him.

Affirmed.